## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JACKIE C. LOPER, | : | |
| Plaintiff, | : | |
| vs. | : | CA 10-0433-C |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Commissioner's Unopposed Motion and Memorandum for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant (Doc. 17),[1] filed February 1, 2011.[2]

In his motion, the Commissioner represents that it is his belief that this case should be remanded for further administrative proceedings (*id.*, p. 1), and further represents that—if the Court grants the motion—upon remand,

> the Appeals Council will vacate the administrative law judge's (ALJ's) February 10, 2009 decision, and will direct the ALJ to offer Plaintiff a supplemental hearing and the opportunity to submit additional evidence. The

---

[1] The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 14 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 18 (order of reference).

[2] Defendant represents that counsel for Plaintiff has no objections to the relief requested in the motion. (*Id.*, p. 2.)

> ALJ will consider the effects of Plaintiff's obesity, pursuant to Social Security Ruling (SSR) 02-1p; evaluate all medical source opinions and state the weight given to each opinion in accordance with 20 C.F.R. § 416.927(d); reevaluate Plaintiff's residual functional capacity and explain how the evidence supports the residual functional capacity findings; and reconsider whether Plaintiff can perform her past work, and if not, determine whether other work exists which she can perform in accordance with SSR 00-4p. If a vocational expert is utilized at either step, the ALJ will present the vocational expert a hypothetical question that includes all of Plaintiff's mental and physical work-related limitations. Plaintiff filed a subsequent application for Title XVI benefits on July 30, 2010; therefore, her two Title XVI claims should be consolidated upon remand.

(*Id.*, pp. 1-2.)

In light of the foregoing, and the plain language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,]" it is **ORDERED** that the motion be **GRANTED**, and that the decision of the Commissioner of Social Security denying Plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over

this matter.[3]

**DONE** this the 4th day of February, 2011.

s/ WILLIAM E. CASSADY<br>**UNITED STATES MAGISTRATE JUDGE**

---

[3] Oral argument in this case, presently scheduled for February 23, 2011 (Doc. 12), is **CANCELED**.